

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TEXAS PELLETS, INC.[1], *et al.* | § | CASE NO. 16-90126 |
| | § | (JOINTLY ADMINISTERED) |
| | § | |
| DEBTORS. | § | CHAPTER 11 |
| _____ | | |
| TEXAS PELLETS, INC. and | § | |
| GERMAN PELLETS TEXAS, LLC | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | ADVERSARY No. 18-09002 |
| | § | |
| DKFM SWITZERLAND AG | § | |
| Defendant | § | |

## DEFAULT JUDGMENT

ON THIS DAY CAME ON TO BE CONSIDERED, the *Motion for Default Judgment* filed by *Texas Pellets, Inc*. ("TPI") and *German Pellets Texas, LLC* ("GPTX", and together with TPI, the "Debtors" and, individually, a "Debtor"), the debtors and debtors-in-possession in the above-styled, jointly-administered bankruptcy cases. The Court finds that a summons was issued and served on Defendant in accordance with Bankruptcy Rule 7004, Rule 4 of the Federal Rules of Civil Procedure, and the *Hague Convention on the Service Abroad, Judicial and Extrajudicial Documents in Civil or Commercial Matters.*  See 20 UST 361, 658 U.N.T.S. 163 T.I.A.S. #1007. The Court further finds (a) that on January 24, 2019, Defendant, DKFM SWITZERLAND AG, filed an answer in the above styled and numbered adversary proceeding [dkt #15]; (b) that on June 7, 2019, counsel for DKFM SWITZERLAND AG was permitted to withdraw from its representation of DKFM SWITZERLAND AG [dkt #23]; (c) that also on June 7, 2019,

---

[1] The jointly-administered Chapter 11 Debtors, along with the last four digits of each such Debtor's federal tax identification number, are Texas Pellets, Inc. (3478) and German Pellets Texas, LLC (9084).  The corporate headquarters and service address for the jointly-administered is: 164 CR 1040, Woodville, TX 75979.

DKFM SWITZERLAND AG was ordered to obtain replacement counsel within 60 days or its answer would be stricken from the record [dkt #24]; (d) that DKFM SWITZERLAND AG failed to timely obtain replacement counsel; and (e) that therefore on August 20, 2019, its answer was stricken, default against the Defendant was entered, and Plaintiffs were ordered to file a motion for default judgment within 21 days of entry of the order striking defendant's answer [dkt #27]. Upon due consideration of the default of the Defendant and the Affidavit of Chip Cummins, the Court finds that just cause exists to grant the Motion and for entry of the following judgment.

**IT IS ORDERED, ADJUDGED AND DECREED** that the following transfers of property totaling $1,100,000.00 (the "DKFM Transfers") from Debtors, to DKFM SWITZERLAND AG, constitute fraudulent transfers and should be and hereby are **AVOIDED** pursuant to 11 U.S.C. § 548(A)(1)(B), 11 U.S.C. § 544(B) and Tex. Bus. & Com. Code Ann. §§ 24.005(a)(2) and 24.006:

| DATE OF TRANSFER | AMOUNT |
| --- | --- |
| 1/25/2016 | $1,100,000.00 |
| **TOTAL AMOUNT RECEIVED:** | $1,100,000.00 |

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs in the above styled and numbered proceeding, shall have and are hereby granted judgment against DKFM SWITZERLAND AG in the amount of $1,100,000.00, the total amount of the DKFM Transfers, and that DKFM SWITZERLAND AG shall and is hereby directed to immediately repay to Plaintiff such amount, pursuant to 11 U.S.C. § 550; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs in the above styled and numbered proceeding, shall have and are hereby awarded pre-judgment interest

against DKFM SWITZERLAND AG at the rate of 5.25% from the date of filing of the Complaint in this action through the date of Judgment; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall have and is hereby awarded post-judgment interest against DKFM SWITZERLAND AG at the current rate of 1.86% as provided in 28 U.S.C. § 1961 from the date of Judgment until paid in full; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that any pre-petition claims, expenses, and all other such amounts owed to DKFM SWITZERLAND AG, if any, by the Debtors' estates as of the Petition Date under Bankruptcy Code § 502(d) are hereby disallowed pending satisfaction of the judgment awarded hereunder; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Debtors or their successors, if any, shall have all writs or other remedies necessary for the collection of this judgment for which let execution issue; and

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that all relief not expressly granted herein is denied.

Signed on 09/25/2019

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] The assessment of prejudgment interest is appropriate in a fraudulent conveyance action, *McFarland et al. v. Leyh (In re Tex. Gen. Petrol. Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995), and state law is an appropriate source of guidance, since there is no federal statute governing prejudgment interest. *West v. Hus (In re Advanced Modular Power Sys., Inc.)*, 413 B.R. 643, 685 (Bankr. S.D. Tex. 2009).